GREENVILLE ELECTRIC LIGHT & POWER CO v PUTERBAUGH

Ohio Appeals, 2nd Dist, Darke Co
No 355.   Decided March 29, 1930

John F. Maher, Greenville, T. A. Billingsley, Greenville and Vernon S. Marchal, for Light & Power Co.

Marion Murphy, Greenville, and George W. Porter, Greenville, for Puterbaugh.

### BY THE COURT

It appears from the record that a bumble-bee flew into the cab of the truck and lighted on the shoulder of the driver of the truck; that the driver of the truck and his companion engaged in an attack upon the bumblebee and thereby lost control of the truck which resulted in the collision and injuries to defendant in error. We have read the record in this case and also considered the very exhaustive briefs filed by counsel in support of their respective claims. We shall not attempt to discuss the testimony in detail as counsel are thoroughly familiar with the same. From such reading of the record, however, we are of opinion that the same discloses negligence upon the part of the driver of the truck. Counsel for plaintiff in error especially complain of a question asked Dr. Moffet on page 159, bill of exceptions. It appears that Dr. Moffett had made a physical examination of the defendant in error. The witness was asked at whose request such examination was made. The answer was—

"Of a representative of an insurance company at Chicago.
Mr. Maher: I object to the question, your Honor.
Mr. Billingsley: I move to strike the answer out.
The Court: The application is sustained. The answer of the witness is stricken from the record and the jury instructed to disregard it.
Mr. Murphy: "Exceptions."

It might be inferred from this answer that the plaintiff in error was carrying insurance upon this truck. If so then such testimony may have been admissible. While the record does not disclose this fact nevertheless counsel for defendant in error insists that when the question was asked they assumed that the plaintiff in error had made the request for such physical examination. It would have been proper to show that the examination was made at the request and demand of plaintiff in error. When it was disclosed by the answer of the witness that a construction might be placed upon the answer which would be objectionable, the objection of counsel for plaintiff

in error was promptly sustained and the jury was instructed to disregard the answer. From the state of the record we would not feel warranted in holding that the answer of the witness constituted error prejudicial to plaintiff in error.

It is also claimed that counsel for defendant in error were guilty of misconduct in their remarks to the jury in reference to this subject. We do not think the remarks complained of could be held as constituting prejudicial error. We think they fall within the principle announced by our Supreme Court in the case, **Dock vs. Trapnell, 88 OS. 521.** Counsel for plaintiff in error also insist that the verdict for $6700 is excessive and that a remittitur should be made or the judgment reversed upon the ground that the same is excessive and was the result of passion or prejudice upon the part of the jury. We have considered this phase of the testimony very carefully. The verdict, in our opinion, in quite liberal but from a consideration of all the evidence which discloses a complete loss of the sight of one eye; a serious injury to the skull and other injuries all of which incapacitate her from performing her usual household duties, which she was accustomed to perform prior to the accident and which render it necessary for her to remain in bed some hours every day to secure relief from the pain and suffering, which she claims to endure, we are of opinio nthat a reviewing court would not be warranted in disturbing the verdict upon the ground that it was so excessive as to indicate passion or prejudice upon the part of the jury.

We have considered all of the errors urged by counsel for plaintiff in error in their brief but finding no error therein which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

Kunkle, PJ, Allread and Hornbeck, JJ, concur.